UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTINA L. VAN DUSEN,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:20-CV-396 JD

**OPINION AND ORDER**

Plaintiff Christina L. Van Dusen has moved through counsel for an award of attorney's fees under 42 U.S.C. § 406(b). (DE 26.) The Court previously remanded this social security appeal to the Commissioner for further proceedings on Ms. Van Dusen's claim for benefits. (DE 20). The Court also previously awarded attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $10,500. (DE 25.) On remand, Ms. Van Dusen was found disabled, and the Commissioner determined that she was entitled to benefits dating back to January 2017 in the amount of $125,441. (DE 27 ¶ 6.) According to the fee agreement executed with counsel, Ms. Van Dusen agreed to pay her counsel 25% of all past-due benefits to represent her before the United States District Court. Pursuant to this agreement, her counsel now seeks an award of $20,860.25 from past due benefits. Also pursuant to this agreement, Ms. Van Dusen's counsel will retain the $10,500 EAJA fee award as part of counsel total compensation. This will result in total compensation to counsel of $31,360.25, which is 25% of the past due benefits awarded to Ms. Van Dusen. (DE 25-1 at 6.) For the reasons below the motion will be granted.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Commissioner has indicated he does not object to the proposed fee award. (DE 29.) The Court independently finds that this total award of $31,360.25 is reasonable and that it reflects an hourly rate of $594 per hour for 52.8 hours of attorney work. This proposed attorney hourly rate is within the range of other awards approved by the Court. *See e.g. Long v. Saul*, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (collecting cases) (approving an award of $1,711.96 per attorney hour).

Accordingly, the Court GRANTS the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) (DE 26) and AWARDS attorney fees under 42 U.S.C. § 406(b) in the gross amount of $20,860.25. Counsel shall also retain her prior award of $10,500 in EAJA fees. This results in net compensation to counsel in the amount of $31,360.25. The Commissioner is ORDERED to disperse to Plaintiff's counsel of record, the sum $20,860.25 from the amount withheld from Plaintiff's past-due benefits in satisfaction of the gross § 406(b) fee award, and any remaining amount withheld from Plaintiff's past-due benefits shall be dispersed to Plaintiff, all in accordance with agency policy after payment of any fee that may be due pursuant to the Social Security Act, 42 U.S.C. § 406(a).

SO ORDERED.

ENTERED: July 22, 2024

/s/ JON E. DEGUILIO
Judge
United States District Court

3